**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BRENT SCOBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00053-SNLJ |
| | ) | |
| BUTLER COUNTY, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Self-represented Plaintiff Brent Scobey brings this civil action under the Americans with

Disabilities Act, for declaratory and injunctive relief. [Doc. 1]. On April 2, 2026, the Court

directed the Clerk of Court to send back to Plaintiff the six (6) unsigned documents that he filed at

case initiation, so that Plaintiff could sign them. [Doc. 9]. On May 5, 2026, Plaintiff returned

those documents, having signed the bottom of each page. [Doc. 10].

As such, this matter is now before the Court upon Plaintiff's "Motion to Proceed In Forma

Pauperis" under 28 U.S.C. § 1915. [Docs. 4 at 1-2; 10 at 8-10]. For the reasons explained below,

the motion will be denied, and Plaintiff will be directed to pay the full $405 filing fee. Once the

filing fee is paid in this case, the Court will consider Plaintiff's other pending motions before the

Court. *See* E.D. Mo. Local Rule 2.01(B) (stating that filing fees shall be collected in advance and

that pleadings may be refused until the applicable fee is paid).

**Motion to Proceed In Forma Pauperis**

The Court may authorize the commencement or prosecution of a civil action without

prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). Proceeding without prepayment of fees and costs, or

*in forma pauperis*, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154

(8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, Plaintiff does not qualify for *in forma pauperis* status based on the financial information provided on his Affidavit.  [Doc. 5].  Plaintiff states that his monthly income is $4200, he has $1000 in the bank, he owns a vehicle valued at $3000, and his monthly living expenses total $1300.  [*Id.* at 1-2].  Based on the difference in Plaintiff's monthly income and expenses, plus his available cash, it appears that Plaintiff can pay for the litigation costs of this matter and still be able to provide for the necessities of life.  *See Adkins*, 335 U.S. at 339.  As such, the Court will deny Plaintiff's Motion to Proceed In Forma Pauperis.  In order for this case to proceed, Plaintiff must pay the full $405 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis [Doc. 4] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee within **fourteen (14) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 9th day of July, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2